CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 19 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAM KUYKENDALL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05CV00581 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| YOUNG LIFE, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Jeffrey William Kuykendall, brings this personal injury action against Young Life, a non-profit organization. The court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] Kuykendall originally filed the suit in the Middle District of Florida, seeking damages for injuries he allegedly sustained while serving as a volunteer at a Young Life youth camp in Virginia. Young Life filed a motion to transfer the case to the more convenient forum of the Western District of Virginia, which the Florida court granted. Kuykendall now seeks to voluntarily dismiss the suit pursuant to Federal Rule of Civil Procedure 41(a)(2), free of conditions. Young Life opposes the motion, though, asking the court to encumber any dismissal by requiring that, should Kuykendall refile the case, he do so in a Virginia court. The court conducted a hearing on the motion on January 17, 2006, during which Young Life surmised, and Kuykendall did not deny, that Kuykendall is seeking the voluntary dismissal so that he ultimately may refile the suit in a Colorado court, possibly avoiding application of Virginia's charitable immunity defense.

When granting a voluntary dismissal under Rule 41(a)(2), the court may impose "such

---

[1] Kuykendall is a Florida citizen for diversity purposes, and Young Life is a Texas corporation with its principal place of business in Colorado. Kuykendall seeks damages in excess of $75,000. Accordingly, the court has diversity jurisdiction over the subject matter of the suit pursuant to 28 U.S.C. § 1332.

terms and conditions as the court deems proper." The court must consider the prejudice, if any, an unconditional voluntary dismissal might occasion the defendant, and, to counter that prejudice, the court may circumscribe the forums in which a plaintiff may eventually refile a voluntarily dismissed suit. See, e.g., RMD Concessions v. Westfield Corp., 194 F.R.D. 241 (E.D. Va. 2000) (granting voluntary dismissal in suit transferred from the District Court for the District of Columbia on condition that plaintiff only refile the suit in a Virginia state or federal court). Here, the Florida court found the Western District of Virginia to be a more convenient forum; consequently, Young Life gained the opportunity to litigate the case in Virginia, where the alleged accident occurred and where witnesses likely reside. Were the court to grant Kuykendall an unconditional voluntary dismissal, the court effectively would circumvent the order of the Florida court. Accordingly, the court will grant Kuykendall's motion to voluntarily dismiss, but only on the condition that, should he refile the suit, he do so in a Virginia state or federal court.

**ENTER:** This 19th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE